**Notice:** Read the terms of this Plan carefully. Your rights as a creditor may be modified hereby and upon confirmation by the Court you will be bound by the term of this Plan.

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

FILED JAN – 4 2002
Clerk, U.S. Bankruptcy Court
Des Moines, Iowa

RE:                                   :
                                      :    Case No. 02-45
GLENN BERRY                           :    **CHAPTER 13 PLAN**
Soc. Sec. No. 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             :
                                      :
   Debtor.                            :

### 1. PAYMENTS BY AND OBLIGATIONS OF DEBTORS:

   a.   The debtor will pay to the trustee **$550 per month for 60 months**, beginning within 30 days after the filing of this proceeding for a total of **$33,000.00**. The debtor submits all or such portion of debtor's future earnings or other income as is necessary for the execution of the plan to the control of the trustee. 11 U.S.C. Section 1322 (a)(1).

   b.   Unless this plan provides for 100% repayment to creditors, each year on the anniversary of the filing, the debtor shall provide the trustee with information concerning the debtor's available disposable income from all sources.

   c.   The debtor shall cause to be filed any and all appropriate tax returns outstanding on the date of filing and coming due thereafter. Copies of said returns shall be provided to the trustee.

   d.   The debtors intends to make the regular monthly first and second mortgage payments directly to Chase Mortgage and Cornerstone during the course of this Plan.

### 2. PAYMENTS BY THE TRUSTEE:

The trustee will make payments only to creditors for which proofs of claim have been filed. The trustee will make payments monthly as funds are available and collect the trustee's statutory percentage fee of 10% or such lesser percentage as may be fixed by the Attorney General. Unless ordered otherwise, the trustee will not make any payments until the plan is confirmed. Unless specified otherwise, the trustee shall pay secured and priority claims on a prorata basis prior to payments to unsecured creditors. Payments will accumulate and be paid following confirmation.

### 3. PRIORITY CLAIMS:

The trustee shall pay in full, in deferred cash payments, all claims entitled to priority under 11 U.S.C. Section §507, including the following unless the holder of a particular claim agrees to a different treatment. 11 U.S.C. Section 1322(a)(2). The amounts listed are estimates only, the trustee will pay the amounts actually allowed.

1

|     | CREDITOR      |       | ESTIMATED CLAIM |
|-----|---------------|-------|-----------------|
| a.  | Attorney Fees |       | $1,000.00       |
|     |               | Total | $1,000.00       |

4. **HOME MORTGAGE DEFAULT [§1322(b)(5)]:**

There are no defaults on the first or second mortgage. The debtor will maintain the regular payments which come due after the date the petition was filed. The creditors will retain their liens.

5. **OTHER SECURED CLAIMS:**

The trustee will make payments to the following secured creditors equal to the allowed amount of the creditor's secured claim using a discount rate of 8 percent. The creditor's allowed secured claim shall be the creditor's allowed claim or the value of the creditor's interest in the debtor's property, whichever is less. The creditors shall retain their liens securing such claim until the amount for which the claim is allowed as secured is paid in full 11 U.S.C. Sections 1325(a)(5)(B)i, 1327(c).

NOTE: NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, UNLESS AN OBJECTION TO THE PLAN IS FILED WITHIN THE TIME FIXED BY THE BAR DATE NOTICE, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. §1327 AND CONFIRMATION OF THE PLAN WILL BE CONSIDERED A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM UNDER 11 U.S.C. §506(a).

|     | Creditor            |       | Claim Amount | Secured Amount |
|-----|---------------------|-------|--------------|----------------|
| a.  | Ford Credit (Escort)|       | $9,950.00    | $9,950.00      |
| b.  | Furniture Source    |       | $ 850.00     | $ 850.00       |
|     |                     | Total | $10,800.00   | $10,800.00     |

NOTE: Upon full payment by the trustee of the allowed secured claim, the lien securing such claim shall be deemed discharged and is to be released by said creditor and the title to any vehicle or property held by the creditor shall be delivered to the debtor with any lien notation thereon released.

NOTE: It is the debtor's intent that any claim not specifically provided for in this paragraph is deemed to be an unsecured claim and shall be treated and classified as such for purposes of determining the manner in which the trustee will pay the claim.

6. **TIMELY FILED UNSECURED CLAIMS:**

    a. The debtor is allowed to classify an unsecured consumer claim differently if it is

2

guaranteed by another individual. 11 U.S.C. Section 1322 (b)(1).

    b. Creditors holding unsecured claims shall be divided into two classes. 11 U.S.C. Section 1322 (a)(3).

**Class A.** Class A shall consist of creditors holding allowed unsecured claims of $10.00 or less. The claims of such creditors shall be paid in full prior to any payment on unsecured claims in Class B.

**Class B.** Class B shall consist of creditors holding allowed unsecured claims for any amount greater than $10.00. The claims of such creditors shall be paid pro rata over the period of the plan.

    c. The trustee will pay holders of non-priority unsecured claims for which proofs of claims are timely filed the balance of all payments received by the trustee and not paid under paragraph 2, 3, 4 and 5 their pro rata share of approximately **$15,108**. (Estimated dividend 100%).

**NOTE: The actual dividend paid by the trustee may vary depending upon allowance of secured and priority claims, as well as the total sum of unsecured claims filed.**

**NOTE: No interest accruing after the date of filing of the petition shall be allowed on claims of unsecured creditors. Unmatured interest shall be rebated in determining the allowed amount of any such claim. 11 U.S.C. Section 502(b)(2).**

### 7. TARDILY-FILED UNSECURED CLAIMS:

Unless ordered otherwise, all money paid by the debtor to the trustee under paragraph 1, but not distributed by the trustee under the provisions set forth avbove if any, shall be paid to holders of non-priority unsecured claims for which proofs of claims are tardily filed.

### 8. OTHER PROVISIONS:

    a. The debtor(s) shall, each year during the course of this plan, provide the Trustee with copies of their income tax returns when completed and filed and will turn over to the Trustee all refund monies received, state and federal, for application on this Plan.

    b. The Trustee is hereby authorized to review the Plan after the expiration of the Bar Date for filing claims. In the event that Plan payments in the amount of $550 each month are insufficient to satisfy all claims in full, the Debtors agree to permit the Trustee to file an amendment to the Plan, increasing the Plan payment to an amount necessary to satisfy all claims in full.

    c. The trustee from time to time during the period of extension may increase or reduce any amount of the installment payments provided by the plan or extend or shorten the time for any such payments, where the circumstances of the debtor so warrant or require; provided, that any moratorium on payments or reduction in amount in excess of a period of 90 days must be with court approval.

    d. Should this Plan not be confirmed, or be dismissed at any time after confirmation, the Trustee shall return to debtors all undistributed funds by delivering same to their attorney, John M. Miller at 974 73rd St., Ste. 22, Des Moines, IA 50312.

    e. The debtor further represents an ability to carry out this plan, that it is in good faith,

and is his best effort.

Dated 12-29-01          Signed _____
                               Debtor

                        Signed _____
                               Debtor

                        Signed _____
                               Attorney for Debtor

Summary of Debts as scheduled:

Priority:                                    $ 1,000

Secured or partially Secured:                $ 10,800

Unsecured:                                   $ 15,108
(Includes unsecured portions
    of secured claims)

**TOTAL:**                                   $ 26,908